# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:  06-mj-07110-DBS-01 |
| | USM Number:  None |
| DEBRA J. WEAVER | Philip W. Ogden, Appointed |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count I of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 13 and C.R.S. 42-4-1301(1)(b) | Driving While Ability Impaired | 4/12/06 | I |

      The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

      It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

      It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

January 10, 2007
Date of Imposition of Judgment

s/ Boyd N. Boland
Signature of Judge

Boyd N. Boland, U.S. Magistrate Judge
Name & Title of Judge

January 11, 2007
Date

DEFENDANT:  DEBRA J. WEAVER
CASE NUMBER:  06-mj-07110-DBS-01                              Judgment-Page 2 of 6

## IMPRISONMENT

 The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 90 days.

 The court recommends that the Bureau of Prisons credit defendant with one day spent in official detention prior to sentencing and that defendant be designated to Florence or another Colorado facility.

 The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

 Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

DEFENDANT:  DEBRA J. WEAVER
CASE NUMBER:  06-mj-07110-DBS-01                                    Judgment-Page 3 of 6

By_____
Deputy United States Marshal

DEFENDANT:  DEBRA J. WEAVER
CASE NUMBER:  06-mj-07110-DBS-01                                    Judgment-Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of one (1) year.

The defendant must report to the probation office in the district to which she is released within 72 hours of her release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)   The defendant shall support her dependents and meet other family responsibilities.

5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)   The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT:  DEBRA J. WEAVER
CASE NUMBER:  06-mj-07110-DBS-01                                    Judgment-Page 5 of 6

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or
        questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a
        law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be
        occasioned by the defendant's criminal record or personal history or characteristics, and shall
        permit the probation officer to make such notifications and to confirm the defendant's
        compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial
        information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall participate in a program of testing and treatment for substance abuse,
        which will include alcohol abuse treatment, as directed by the probation officer until such time
        as the defendant is released from the program by the probation officer.  The defendant shall
        abstain from the use of alcohol or other intoxicants during the course of supervision and shall
        pay the cost of treatment as directed by the probation officer.

2)      The defendant shall participate in a program of mental health treatment, as directed by the
        probation officer, until she is released from the program by the probation officer.  The
        defendant shall pay the cost of treatment as directed by the probation officer.  The court
        authorizes the probation officer to release to the treatment agency all psychological reports
        and/or the presentence report, for continuity of treatment.

3)      The defendant shall perform 48 hours of community service.  Two hours of community service
        is to be served at Mothers Against Drunk Driving (MADD), and the remaining 46 hours to be
        performed at a program approved by the probation department.  The defendant is to be
        credited with completion of 18.5 hours of community service, and the two hour MADD
        obligation has been fulfilled.

DEFENDANT:  DEBRA J. WEAVER
CASE NUMBER:  06-mj-07110-DBS-01                                    Judgment-Page 6 of 6

## MONETARY OBLIGATIONS

     The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| I | $10.00 | $100.00 | $0.00 |
| **TOTALS** | $10.00 | $100.00 | $0.00 |

     The defendant must pay interest on any restitution or fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth below may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

DEFENDANT:  DEBRA J. WEAVER
CASE NUMBER:  06-mj-07110-DBS-01                                     Judgment-Page 7 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment shall be paid immediately and the fine shall be paid in payments of not less than $15.00 monthly.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) fine principal, (3) fine interest, (4) penalties.